# SUPREME COURT OF TEXAS.

## TYLER TERM, 1858.

---

### JAMES L. HOWARD v. C. W. & W. CRAWFORD.

A motion to quash proceedings for want of notice, is too late after parties have appeared, joined issue, and announced themselves ready for trial.

Where it was in proof that the defendant in garnishment had owed the judgment debtor, but he produced the receipt of the latter of a date anterior to the service of the writ of garnishment, containing a full acquittance, and there was no evidence to falsify the receipt, or to cast suspicion upon the honesty of the settlement evidenced by it, except the circumstance that it was dated on the day before the rendition of the judgment, it was not proper for the Court to assume, or for the jury to find that the receipt was false and fraudulent.

Appeal from Rusk. Tried below before the Hon. W. W. Morris.

The appellee obtained a judgment against David Howard before a Justice of the Peace. On 6th May, 1854, he sued out a writ of garnishment against the appellant, which was served, requiring him to answer what he owed David Howard & Co.

On the 27th May, 1854, the garnishee answered that he owed nothing, and knew of no other person who did, &c., on which answer he was discharged.   On the 5th June, 1854, the appellee filed his affidavit with the Justice, controverting the answer of the garnishee.   In August following, the parties appeared by attornies before the Justice, when the garnishee moved to quash the writ of garnishment for want of service. This motion was overruled and judgment rendered against the garnishee.   This judgment was taken by *certiorari* to the District Court, where judgment was again rendered against appellant.

On the trial it was proven that the judgment debtor, David Howard, was interested in a contract with the appellant, and that at one time on settlement he was entitled to receive from appellant some $1300.  The appellant produced a receipt from said David Howard, dated the day before the rendition of the judgment, expressing the payment of all demands upon the appellant arising out of said contract, and in full of all demands. There was a verdict and judgment for appellee. Motion for new trial made and overruled.

*Martin Casey*, for appellant.

*Wm. Stedman*, for appellee.


WHEELER, J. It was too late to move to quash the proceedings for want of notice, after the parties had appeared, the issue had been formed and they had announced themselves ready for trial. The motion to dismiss was rightly overruled. But the judgment upon the merits cannot be maintained.   The issue was properly framed by the Justice ; and as there were no pleadings in the District Court, the trial must be deemed to have been had upon the issue thus framed.   It was in proof that the defendant had owed the judgment debtor ; but he produced the receipt of the latter of a date anterior to the service of the writ of garnishment, containing a full acquittance.   There was no

evidence to falsify this receipt, or to cast suspicion upon the honesty of the settlement it evidenced, except the single circumstance that it bore date on the day before the rendition of judgment. That, of itself, we do not think sufficient to warrant the Court in assuming, and the jury in finding it false and fraudulent. It might have been a very cogent circumstance in connexion with others; as that the debtor had no other property subject to execution, confidential relations subsisting between the parties; the proof of any facts or circumstances tending to cast doubt on the fairness of the transaction. But there was no such proof. The affidavits of the parties, made in instituting or conducting the proceedings, were not evidence for them. The jury were required to decide the issue upon the evidence adduced upon the trial; and that we do not think sufficient to warrant the verdict. The judgment is reversed and the cause remanded.

Reversed and remanded.